# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAVERN BERRYHILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-14-941-W |
| ) | |
| ANITA TRAMMELL, Warden, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner Lavern Berryhill, a state prisoner appearing pro se, filed a petition for writ of habeas corpus on September 2, 2014. *See* Pet. (Doc. No. 1) (citing 28 U.S.C. § 2241). United States District Judge Lee R. West has referred this action to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636. As explained below, the undersigned recommends that the Petition be dismissed and all pending motions be denied.

## ANALYSIS

Petitioner's habeas corpus Petition was submitted in the format of an affidavit. *See* Pet. It is largely inscrutable and fails to state—in any plain and understandable fashion—grounds for relief, supporting facts, and relief requested, as required by the applicable rules and the Court's own form. *See id.*; R. 1(b), 2(c), 2(d), Rules Governing Section 2254 Cases in the United States District Courts; LCvR 9.2(a). Further, Petitioner's Petition is not signed under penalty of perjury as required for this 28 U.S.C. § 2241 proceeding. S. 2254 R. 1(b), 2(c)(5). Rather, Petitioner improperly executed his

petition "in judicial race hate KKK kidnap & robbery of over $600 billion for over 24 years in rate hate Oklahoma." *See* Pet. at 7.

In addition, the certified copy of Petitioner's six-month institutional account statement submitted as part of Petitioner's *in forma pauperis* application (Doc. No. 2) is dated April 8, 2014—nearly five months before his habeas corpus petition was filed in this case on September 2, 2014. This account statement therefore does not reflect the amount currently on deposit or the deposits and balances "for the 6-month period immediately preceding the filing of the action." *See* Doc. No. 2, at 5; LCvR 3.3(b). Because the accompanying signature of an officer of Petitioner's penal institution is undated, it further is not evident that this signature was provided reasonably contemporaneously with Petitioner's initiation of this action, as required. *See* Doc. No. 2, at 3-4.

On September 17, 2014, the undersigned, in view of the deficiencies designated above and Petitioner's failure to pay the $5.00 filing fee for this action, ordered Petitioner to file both a new habeas corpus petition and a new, current *in forma pauperis* application no later than October 8, 2014. Petitioner was specifically cautioned: "Failure to comply with this Order may result in the dismissal of this action." *See* Order (Doc. No. 6).

To this date, Petitioner has not submitted a proper habeas petition or a proper *in forma pauperis* application, has not requested an extension of time to comply with the Court's Order, and has not shown good cause for failing to comply. Petitioner instead has filed a "Motion for Total Summary Judgment and Supplemental Motion to Add Additional Cause for Relief from Unexecutable Judgment Sentences" (Doc. No. 7). This Motion consists of two pages of inscrutable phrases and does not attempt to comply with

the undersigned's previous Order. The Motion does not cure the deficiencies of the Petition or the *in forma pauperis* application. *See* Doc. No. 7.

Petitioner is well aware of the necessity of complying with the Court's orders, as he has had at least one prior § 2241 petition dismissed in this Court for failure to cure deficiencies in his filings as ordered. *See Berryhill v. Trammell*, No. CIV-13-1083-W Report and Recommendation (W.D. Okla. Nov. 19, 2013) (Purcell, J.), *adopted*, Order (W.D. Okla. Dec. 16, 2013), *and appeal dismissed*, No. 14-6141 (10th Cir. July 14, 2014). *See generally Berryhill v. Miles-LaGrange*, CIV-14-1069-W (W.D. Okla. Oct. 8, 2014) (order imposing restrictions on future pro se filings by Petitioner). Here, just as in Petitioner's previous § 2241 action, "Petitioner's lack of interest in complying with the Court's Order combined with the Court's attempt to manage and control its caseload warrant a dismissal of the action without prejudice." Report and Recommendation at 2 (citing *Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980)); *cf. Bakalov v. Utah*, 4 F. App'x 654, 655-58 & n.5 (10th Cir. 2001) (rejecting appeal of district court's dismissal of habeas action for failure to file an amended petition where initial petition "was in a form that would not allow the court to resolve the issues or to even determine if the court should proceed under 28 U.S.C. § 2254" (internal quotation marks omitted)).

## RECOMMENDATION

Based upon the foregoing, the undersigned recommends that Petitioner's Petition be dismissed without prejudice. Upon adoption of this recommendation, Petitioner's pending motions should be denied. *See* Doc. Nos. 2, 7.

NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by November 10, 2014, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner further is advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this case.

ENTERED this 20th day of October, 2014.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE